moving on to our final case of the morning D'Artes be Peters number 22-3155 and 22-3164 counsel you may proceed thank you your honor may it please the court my name is Greg Goheen and i'm here on behalf of my clients who are 15 current and now mostly former Kansas Highway Patrol officers who were sued in a lawsuit arising out of an arrest and an apprehension they made of the plaintiff back in 2014 when he was leaving the scene of an attempted murder in Manhattan Kansas and subsequently apprehended and had to be removed out of his vehicle the underlying lawsuit or I guess this lawsuit is not underlying but the issue in the under in the original lawsuit was primarily a claim of excessive force Mr. D'Artes the plaintiff was arrested he was subsequently tried and convicted and was incarcerated at the time this lawsuit this lawsuit commenced which is the critical factor in this case as a result of him being incarcerated at the time he filed this lawsuit the prison litigation reform act applied to his claims into this lawsuit and you'll see that reflected throughout the docket in the court case the case was originally vetted through the prison litigation reform exhaustion of remedies procedure ultimately was allowed to proceed forward and eventually council was appointed to represent Mr. D'Artes around I believe August of 2017. The case proceeded along with litigation and discovery and several motions with attempts to get the case dismissed out that ultimately proved unsuccessful to the point at which we filed the final motion for summary judgment which was denied on qualified immunity while I was on appeal to this court we had submitted an offer of judgment to plaintiff that is at issue in this current appeal and that offer of judgment was ultimately accepted resulting in a mooting of the merits of the case and the only issues left to be decided or determined were whether there were any costs fees or expenses that could be recoverable and that was then in turn briefed out at the district court level and the main issue that is before the court here is whether the district court correctly applied the prison litigation reform act to the fee application all other matters I believe are resolved at this point in time so we're just down to the fee application which included fees and expenses so we contend that in this case that the district court did not correctly apply the prison litigation reform act to the claim for fees the prison litigation reform act contains a provision within it that details out when an individual can recover fees under that act or claims that are brought under that act it's very different in its operation from 1988 or other fee application statutes in that whereas 1988 or the equivalent under say title 7 allows attorney's fees to be recovered if excuse me okay sure my apologies I should have done that before I started live and learn so it's a very different statute in operation than say 1988 but you don't question that the partisan contract around the PLRA's limitations on attorney fees correct I think the parties could contract around the limitation I think if you're going to contract around the limitation to a fee application or a fee award statute that you have to do so expressly it has to be an actual contract has to be a settlement agreement of some sort that would reflect that that is specifically what you're doing and then I also want to ask you a somewhat related question and that is both of you think that the terms of the offer of judgment are unambiguous if the terms are ambiguous and judge Melgren made a interpretation as he as he did you haven't argued that he would have been clearly erroneous in his interpretations of an ambiguous terminology in the offer of judgment your argument is solely that both with regard to the 150 percent cap and let's see and 25 or 0.2 yeah yeah and then yeah taking off 25 percent that would be attributable plaintiff's counsel that that uh your argument is solely that that the language is unambiguous I think I think that's correct I mean to me the the offer of judgment says what it says and it clearly in my mind in my reading does not lend itself to multiple interpretations and in fact what I found to be unique about Judge Melgren's decision in this regard is clearly some law applied to the claim for fees and he didn't take it as there was in one of the cases that cited where I believe he had a settlement agreement an actual settlement agreement as opposed to an offer of judgment and the court determined in that case that fees were allowed under contractual relationship which would not impose sort of the review by the court to determine whether it was reasonable and all those things it would just be the bill is what the bill is right um he clearly interpreted it to be fees allowed by law some law he just chose to in part follow 1988 and in another part to follow the prison litigation reform act and what if what if the parties yeah what if there is no uh fee shifting provision and the parties uh enter into an offer of judgment that said let's say I see Judge Matheson and and there's no fee shifting provision but uh but that I uh but that there's an offer of judgment saying that I the defendant will pay $25,000 plus reasonable attorney fees that that certainly would be enforceable then the court would need to adjudicate the amount of reasonable attorney fees correct I think it's a contract you certainly have statutory uh entitlement to attorney fees and you haven't can have contractual entitlement to attorney fees you can I guess I guess the question would be begged at that point is the offer of judgment truly contractual in nature or is it a judgment that is is effectuating a fee or cost analysis that would would be conventional with what the you know the rules allow yeah um you could look at I forget the rule under the federal rules of civil procedure that allows for fees or costs to be assessed if uh available under another statute so if that was what was reflected in the offer of judgment then I think that's what would apply and in this case that's what the offer of judgment said it said fees allowed by law no it didn't well I think it did well and I understand the common argument no I mean factually I mean if you pull it out it didn't say fees allowed by law it said because I'm looking at it plus reasonable attorney fees and costs allowed by law right yeah that's correct I'm sorry I misspoke that's okay and Judge Milgren said under the last antecedent rule you typically under Barnhart in our case in home health care you typically will apply a modifier to the last segment in a series that's what the last antecedent rule says and what he said that it at least creates a a plausible divergence in interpretations because the modifier comes after the second item in the series cost not reasonable attorney fees so why isn't that at least a plausible interpretation I think you have to get to the point before you get to that sort of statutory or contractual construction piece that it has to be ambiguous and I don't think it is I mean I think you argue in your opening brief that the that Judge Milgren made an error of law by attaching the modifier to the last segment in the series because I don't I didn't see that in PLRA correct it seems to be to beg the question that PLRA governs if the modifier attaches to the first item in the series the reasonable attorney fees as opposed to solely the second item right and Judge Milgren did raise the antecedent comma issue but he then went on to analyze the fee application under the law he just chose to in part follow 1988 and in part follow the Prison Litigation Reform Act and so I understand that he said that but then he proceeded forward to actually look at it and analyze the fee application under one of two statutes and he did differently in different sections of his brief so I understand but I think even Judge Milgren looked at this and said well of course I have to analyze the fee application under applicable law and of course under the American rule there is no fee allowed unless there's some statutory or other reason under the law to allow that fee application to take place and that that's really the the essence of our argument is look the judge elected to follow 1988 in part of his application or part of his review of the statute or the fee application in other parts he followed the Prison Litigation Reform Act we think that his application following the Prison Litigation Reform Act was correct in the areas that he did that we think it was required in all areas of the fee application review and not just in the ones that he chose to have it applied to and that's really the issue. Can I just ask a follow-up on that point you just made? I understand your argument that restrict all the restrictions should apply but would you agree that either all apply or all don't apply is it is it all or nothing either way? I actually think it is I think you can't say well I take that back you could have some factual circumstances that might say that one section of the PLRA doesn't apply to a particular case or situation or instance. Well I'm all or nothing it either it either applies or it does not apply because it because in my review of it is is if the argument is that somehow this is taken out of the context the Prison Litigation Reform Act in some way and we proceed under the theory that plaintiffs pursued to apply for fees it's in their fee application that they were provided pursuing fees under section 1988 then you know 1988 applies and the Prison Litigation Reform Act does not apply and if you read the Prison Litigation Reform Act it specifically says it only comes into effect if they recover on something where 1988 would have provided a basis for attorney's fees so I don't think they can both apply I think it has to be one or the other. Why is why weren't why wasn't the defendant's burden as the drafters of the offer of judgment to include something about the PLRA limits on fees in the offer? I've never seen a fee applicator or an offer of judgment that actually specified the specific statute in it during the time apart from never seen it but where where can we get some help on whether well you have that obligation? I don't I don't think you would have that obligation I don't think you have to identify every single rule or statute that somebody might be able to pursue something in under under an offer of judgment I think to me in this case if you if you are limited to what's allowed by law which is what we were doing I think that clearly reads that way if you read it in context that that would be the applicable law and plaintiffs were free to argue what other applicable law might apply and I don't think we had to restrict it to a specific type and and I would also go back in this case again context in the pretrial order the only fee application statute that was referenced in the pretrial order was the Prison Litigation Reform Act other than the one section where we had raised 1988 as a potential basis for our recovery of fees had we prevailed at the trial so I see that amount of time so I don't want to take up any more of the court's time but I'm happy to answer any questions if you guys do have them. Is he open? Am I wrong? You still have some time you can either keep going or reserve. I'll reserve the time how about that I thought it would I thought it clicked I thought it saw a flash red and I thought it was counting backwards so I didn't want to offend the court by talking past my time. You've still got a little bit left. Thank you. Good morning. May it please the court I am David Seeley from Wichita. I represent the plaintiff Samuel Nortez who is the Appellee and Cross Appellant here. I think one of the problems in following the argument of the defendants appellants here is that they express some confusion or uncertainty about what exactly this offer of judgment that has been accepted is. They say it doesn't establish a violation of civil rights. It doesn't establish damages. It doesn't establish liability. It doesn't make the defendants indebted to Mr. Nortez. They say it's not a settlement but they do say it is somehow an award under the PLRA. Now we disagree with the defendants regarding all of those things and if they were actually correct then the offer of judgment would be pretty hollow and even illusory because what they're really saying is that Mr. Nortez is not entitled to any attorney fees because he hasn't met all of the requirements of the PLRA and that those requirements are at the heart of this offer of judgment. But when you look at the offer of judgment what it is is a contract for payment of a some certain $60,000 plus reasonable attorney fees and costs allowed by law if any. And I would respectfully suggest to the court that the term reasonable attorney fees is directly at odds with the application of the PLRA. Why in the world would any defendant say knowing obviously that the attorney fees are going to vastly exceed the non-attorney fee related costs say I will pay you all of your attorney fees without regard to this you know very attractive cap to the PLRA but when it comes to costs I'm going to draw the limit. I'm going to say only allowed by law only those costs say that are that are specifically identified in 28 U.S.C. 1920. So I'm going to draw the line you know you may not get $1,500 of costs you may get $1,250 but I'm going to give you all of your attorney fees. Clearly doesn't make a lick of sense. No defendant would ever do that. Well your honor I guess I would stress that again despite what the defendants have said in their brief this is a settlement. It is a compromise. It is the parties giving up something in order to get a resolution and get the case behind them. In this case we gave up the potential of getting considerably more attorney fees if we were able to convince the jury that Mr. Gartez's rights were violated and that he suffered severe damages. Well but on the other hand it is it is determined at least for ambiguity is determining whether or not your interpretation of the offer of judgment in this last antecedent rule at that part of the issue if that truly is a plausible interpretation and it's it's kind of hard to imagine that it really is that plausible. Well we we believe it is plausible because that's the words say your honor literally read reasonable attorney fees plus cost a reasonable attorney's fees and costs by law. And would you agree at least Mortimer all of the cases involving the last antecedent rule the last nobody says that the last antecedent rule is cast in concrete and it always applies to the second or the last segment in a series all every single case says it all is on context and context here you know really turns on on the context of the attorney fees vastly dwarfing the costs. Well and and more than that your honor not only do we have this I would say distinguishable set of criteria reasonable attorney fees and costs allowed by law reasonable attorney fees does invoke an applicable standard that that this court and the district court are well familiar with. There are established guidelines from in our federal courts going all the way up to the Supreme Court telling us how we determine a reasonable fee in the context of civil rights litigation. So that that period. Well I don't know sorry I'm taking up too much time. You go on. All right thank you your honor. The other aspect of the plaintiff of the defendant's argument that I think continues to strike me is that they continue to ignore the word plus that appears in the accepted offer of judgment. It says reasonable or the sum certain of sixty thousand dollars plus attorney fees reasonable attorney fees and in fact what they're attempting to do is invoke the PLRA particularly specifically section 1997 small e d 2 and say well Mr. D'Artes has to pay part of the attorney fees and the Supreme Court in the Murphy case says he has to pay exactly 25 percent of of anything he gets for his attorney fees. But he points out in his reply brief I think that all the awards actually are awarded to the party to the plaintiff. So how do you how do you respond to that argument? In other words yeah he gets sixty thousand dollars plus reasonable award of attorney fees. Now the anomaly of 1997e is that that that that means that a portion of that additional fee award is going to come out of the sixty thousand dollars but the entirety of the fee award is actually supposed to be awarded to the plaintiff. And it should be in this case as well your honor. That is the way our attorney fee statute section 1988 works. The fee is awarded to the plaintiff but here Mr. D'Artes is being confronted with the possibility of not getting sixty thousand plus attorney fees but sixty thousand less fifteen thousand of attorney fees that on the face of the PLRA he would be required to pay assuming it applies. And it is completely inconsistent and at odds for this offer of judgment that it says he gets sixty thousand plus attorney fees to be construed by the defendants to invoke the PLRA which says he gets sixty thousand less fifteen thousand for attorney fees. It's night and day. It's diametrically opposed. We believe the language of the offer of judgment on its face is inconsistent with the PLRA and therefore excluded it from the agreement. If the defendants wanted the PLRA to apply they certainly could and should have expressly said so in the offer of judgment. How hard would that be? Well in the Brock versus Wright and the Marion versus City of New York cases cited in our brief the court discussed that. How would you make these these restrictions applicable to the to the offer of judgment? And you do it by specifically saying this is subject to the limitations set forth in D2 of 1977 small e. And I want to add address something else because Mr. Goheen has alluded to a reference to the PLRA in the pretrial order but he and there was a also an even more vague reference to the PLRA in his answers that he filed in this case. There's never been a reference there's never been a phrase tying the PLRA to a claim for attorney fees and in fact the pretrial order talks about the PLRA applying to the substance subject to the court's determination. And when when that when that becomes clear I think the the issue was never joined in the pretrial order. It was never joined until after the offer of judgment was made and I think that's significant as well. Counselor, could I could I just ask you to respond to there's a portion of district court decision that I'm interested in your reaction to. It says I'm actually I'm on page 13 but I'll just read it. It says the language of the offer of judgment is construed against the defendant shows that the party specifically agreed to waive the application of the reverse fee shifting provision and the fee cap but there is no indication the party's agreed to waive the application of any other PLRA provisions. So taking that and also your arguments regarding the hourly cap what what did you make of that? I can't explain it your honor. Judge Milgren in what I my experience is a fairly rare instance for him did not explain how he got there. He he picked and chose from the PLRA and said well these two things I find do not apply and this thing over here for some unexplained reason does apply. I would agree with counsel I think it's all it's all or nothing. Once you start weeding out the PLRA you are indicating and or at least strongly suggesting that the offer of judgment does not reside within the parameters of the PLRA and so to go back and pick something else and say well you know maybe maybe that ought to apply but without giving certainly without giving a reason it it doesn't make sense to me. Can I ask you about just play devil's advocate. So Judge Milgren is with regard to both of those attributes of the PLRA he is he is looking at particular modifiers and particular language in the offer of judgment to say whether or not those limitations apply. For example the plus as you point out he adopted your argument about the plus being different than minus and so that's why he wasn't going to apply the PLRA's provision that 25 percent under Murphy is going to be you know paid out of the plaintiff's pocket and he applies with the 150 percent cap uh with on the 150 percent cap uh he he applies the uh the last ad incedent rule allowed by law but so he does look at particular language in the offer of judgment on the two points that Mr. Goheen is appealing but that's not to say isn't there still a a plausible argument that that wouldn't necessarily encompass any language that would have vitiated the the PLRA's provisions on the hourly rates. Well if there is your honor we certainly haven't heard it yet either from Judge Milgren or from defendants counsel. I would suggest again that the term reasonable attorney fees is at odds with the limitation in the PLRA which is again does not purport to address reasonable attorney fees it just says it can't be more than 150 percent of the CJRA rate and I so I think that's where the answer to your question comes that is the piece of the offer of judgment that speaks to rates and in this case um the only evidence about reasonable hourly rates is evidence that we presented. The defendants presented none. The court did not take issue with anything that we presented so we believe that the court uh court's rulings regarding the amount of fees and regarding the amount of time are uh uncontroverted. There's been no allegation that there was an abuse of discretion or there was something clearly erroneous in Judge Milgren's decision. The only evidence was ours and defendants waived the opportunity to present any contrary evidence. So what we have is this body of evidence regarding what a reasonable fee is in this case versus this hypothetical suggestion that well but the PLRA really has more to say about that but part of the the problem of the uh of the defendant's case on appeal in particular is that they don't ever grapple with the fact that this is a contract. They don't ever grapple with the rules of construction and by that I mean not only the general rules you can screw against the drafter and resolve ambiguities against the drafter but the specific rules that the courts have adopted in the context of a rule 68 offer of judgment that say that the offeror bears the risk of any silence or any ambiguity when it is attempting to limit attorney fees in an offer of judgment. That is where we are. That rule applies. That rule says the burden is on them to make it absolutely clear if they want the requirements of the PLRA to apply and they haven't done that and they haven't addressed that and I think that speaks volumes. You said earlier that had this case gone to trial and you have prevailed and then we get to the attorney fee issue at that point. I take it with the the PLRA restrictions would apply then right? Unless unless the parties reached an agreement that was inconsistent with the PLRA. We could have stipulated that it didn't apply but otherwise it would yes your honor and in those circumstances we would have had even more time in the case and if we had recovered a million dollars for Mr. D'Artes under the PLRA the cap would have been 1.5 million rather than 90,000 but it was a compromise. It was an agreement. It was a settlement and it's the defendants who choose chose the vehicle of the rule 68 offer of judgment as the way to settle a case. It certainly wasn't my idea but I think they have to live with the consequences of that choice and with the consequences of the language that they selected and this may frankly be an example of a situation where a one-size-fits-all offer of judgment form boilerplate language doesn't apply to this specific situation because it doesn't the operation of the of the PLRA. Thank you counsel. Thank you. May it please the court. I think that what I'd like to start off with and I've got very limited time is just to reiterate what the PLRA actually says and PLRA provides and this is straight from the in any action brought by a prisoner is confined in any jail prison or correctional facility in which attorney's fees are authorized under section 1988 of this title such fee shall not be awarded. That's the statute. It's mandatory language unless one of these exceptions applies. So the only ability plaintiff had to recover attorney's fees in this case is if one of these applies under the PLRA and I think that that has to be the starting point because when you're representing clients in litigation involving section 1983 or otherwise you have to be aware of what the statutory requirements are and that that weighs into the context of the discussions that take place. It weighs into what you put into the pretrial order. It weighs into what you put into the pleadings in the case and it weighs into what you put into an offer of judgment. What if the language it deleted the phrase and costs if allowed by law what will be the outcome? What if the offer of judgment had excised the clause and costs comma if allowed by law what would be the outcome then? I think that if I read this statute right because it would still be coming from an order of the court my position would be under the PLRA that the court could not award any fee award beyond what the PLRA applies and allows for. That's the statutory restriction. Would it be a plausible interpretation of the offer of judgment that the parties had contracted around the PLRA's limitations? That's by specifying that the defendant would pay the plaintiff reasonable attorney fees? I don't think so to the extent they were trying to get an award from the court for the attorney's fees. If you had just a pure settlement agreement where we agreed to pay x amount and they accepted that in the settlement agreement and a document signed off that way then I think your court could enforce that settlement agreement. But when you're asking the court to award fees this statute limits the ability of the court to award fees when the who's seeking them is incarcerated. That's what the statute says and that's what Murphy says. It's mandatory. Thank you very much. Thank you counsel. Thank you Mr. Roheen, Mr. Seeley. We appreciate your arguments this morning. The case will be submitted and counsel are excused.